Kevin P. McCulloch (KM0530)
Nate A. Kleinman (NK3168)
THE MCCULLOCH LAW FIRM, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARY KATE DENNY,<br><br>    *Plaintiff*,<br><br>           v.<br><br>McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC; McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br><br>    *Defendants*. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Mary Kate Denny, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the applicable Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable and, for her Complaint against Defendants McGraw-Hill School Education Holdings, LLC and McGraw-Hill Global Education Holdings, LLC, hereby asserts and alleges as follows:

## PARTIES

1. Plaintiff Mary Kate Denny ("Plaintiff" or "Denny") is a resident of the State of California.

2. Defendants McGraw-Hill School Education Holdings, LLC, and McGraw-Hill Global Education Holdings, LLC (together "McGraw-Hill" or "Defendants"), both Delaware limited liability companies, were previously part of The McGraw-Hill Companies, Inc., which formally changed its name to McGraw Hill Financial, Inc. on May 1, 2013.

3. Upon information and belief, Defendants assumed the educational publishing businesses previously operated under and by The McGraw-Hill Companies, Inc. and, in doing so, assumed any liabilities related to the claims alleged herein.

## JURISDICTION AND VENUE

4. This is an action for copyright infringement and related claims brought by Plaintiff, the owner of copyrights to photographs at issue in this action, against Defendants for unauthorized uses of Plaintiff's copyrighted photographs.

5. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendants conduct substantial business within the State of New York, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the State of New York; and under 28 U.S.C. § 1400(a) since the alleged misconduct by Defendants occurred in this district.

7. Upon information and belief, Defendants have offices located in New York City and conduct substantial business in this District.

## FACTUAL ALLEGATIONS

8. Plaintiff is a professional photographer who makes her living by taking and licensing photographs.

9. Plaintiff is the registered copyright owner of the creative works identified herein and that are the subject of this action.

10. A list of the copyrighted works and currently known uses of the photos at issue in this case is attached as Exhibit 1, which is expressly incorporated herein.

11. Plaintiff registered copyright in each of the photographs identified herein with the United States Copyright Office prior to initiating this action.

12. McGraw-Hill is a publishing company in the business of creating and publishing educational textbooks, instructional technology materials, reference works, and other similar materials and publications.

13. Defendants sell and distribute textbooks throughout the United States, including through various companies or divisions or imprints.

14. Upon information and belief, Defendants copied and distributed copies of Plaintiff's copyrighted works without authorization or license and/or in excess of any limited authorization or license they allegedly obtained.

15. Defendants obtained copies of Plaintiff's images either directly from Plaintiff or through stock photo companies, including Photo Edit, Inc. ("PhotoEdit"), that had limited licenses from Plaintiff to grant prospective, limited licenses on her behalf subject to terms and conditions.

16.     In all cases, Plaintiff's images were provided to McGraw-Hill for limited use only and subject to specific terms and conditions.

17.     Plaintiff retained all ownership and copyrights to and in her images that were provided to Defendants.

18.     The stock photo companies through which Plaintiff licensed her works were not authorized to act on Plaintiff's behalf in pursuing any claims for infringement against Defendants or to grant any release or settlement of infringement claims to Defendants, including through so-called "retroactive licenses," and no such release has been validly granted.

19.     In obtaining copies of Plaintiff's photographs for use in its publications, McGraw-Hill represented that it would not make any subsequent uses of Plaintiff's photographs without obtaining prior permission and paying the proper fees.

20.     McGraw-Hill also represented that it intended to use Plaintiff's photos in specific publications with limited distributions or print runs.

21.     Upon information and belief, McGraw-Hill intentionally underrepresented the uses it intended to make of Plaintiff's photos in order to obtain access to her photos at a lower cost.

22.     Despite its representations and in violation of the Copyright Act, McGraw-Hill routinely violated the express restrictions and limits of any limited authorization to use Plaintiff's photos it allegedly obtained related to Plaintiff's photos and also routinely published and/or reused her photos without any license.

23.     Upon information and belief, McGraw-Hill infringed Plaintiff's copyrights in the photographs identified herein in various ways, including:

- Publishing Plaintiff's works without permission entirely;
- Reusing Plaintiff's works in subsequent editions of titles without obtaining proper authorization prior to publication;
- Publishing Plaintiff's works prior to obtaining permission;

4

- Printing and distributing more copies (*i.e.* the "print run") of the publications than was authorized;
- Publishing Plaintiff's works in electronic, ancillary, or derivative publications without permission;
- Publishing Plaintiff's works in foreign editions of publications without permission;
- Distributing publications outside the authorized distribution area; and/or
- Authorizing third-party publishers to create foreign editions, translations, or reprints without requisite license or permission.

24. Plaintiff's belief is supported by her own recent investigation and review of Defendants' circulation of subsequent editions of textbooks without the requisite usage payments and Defendants' involvement in similar infringement lawsuits which include some of the same publications and public divisions at issue in this case.

25. Because McGraw-Hill keeps information regarding its publications and its use of Plaintiff's photographs confidential, Plaintiff is not able to plead with more specificity and the full scope of McGraw-Hill's infringing activities has not yet been fully ascertained. Plaintiff will amend her pleadings as may be necessary following discovery regarding Defendants' use of her photographs.

26. The particular unauthorized uses identified herein are part of a pattern and practice of McGraw-Hill's using third-party photographic images without prior approval and/or in excess of applicable terms of use.

27. This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works, including Plaintiff.

28. Plaintiff currently lacks the information necessary to identify the exact date on which each alleged act of infringement commenced as the information necessary to make that determination is not publicly available and Defendants do not voluntarily disclose that information.

5

## COUNT I
### DIRECT, VICARIOUS and/or CONTRIBUTORY
### COPYRIGHT INFRINGEMENT

29. Plaintiff repeats and re-alleges each allegation set forth in all paragraphs above as if set forth fully herein.

30. The foregoing acts of Defendants constitute direct, contributory, and/or vicarious infringements of Plaintiff's copyrights in the subject photographs in violation of the Copyright Act.

31. Defendants violated Plaintiff's copyrights by making unauthorized uses of Plaintiff's photographs as described herein.

32. By making unauthorized use of Plaintiff's works, McGraw-Hill misappropriated Plaintiff's intellectual property for its own profit, causing Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

33. Upon information and belief, in addition to their own unauthorized uses of Plaintiff's photographs, Defendants' infringements also include, but are not limited to, providing copies of Plaintiff's photographs to third parties without permission, engaging third-party printing companies to create more copies of books than was authorized under any alleged license, and engaging/permitting third-party publishers or foreign subsidiaries to use of Plaintiff's photographs in unauthorized foreign editions, translations, or reprints of books.

34. In such instances, Defendants exercised control over the access to Plaintiff's photos and provided copies of her photos to the directly infringing third parties. Defendants thus materially contributed to, facilitated, induced, or otherwise are responsible for the directly infringing acts carried out by the as-of-yet unascertained third parties.

35. Defendants obtained direct financial benefits, including the payment of royalties and other fees related to the sales of the unauthorized publications, and exercised control over the infringements and could have acted to prevent them.

36. McGraw-Hill's unauthorized use of Plaintiff's copyrighted images, including its use and/or reuse of photos without permission and/or using photos in excess of whatever limited authority or permission Defendants allegedly may have obtained, was willful.

37. McGraw-Hill's efforts to conceal and/or subsequently ratify its unauthorized use of Plaintiff's creative works demonstrate that it was fully aware that its use was unauthorized and thus infringing and that this conduct was willful.

38. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing use of Plaintiff's creative works, and the damages suffered as a result of the lack of compensation, credit, and attribution.  Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiff respectfully prays for judgment on her behalf and for a jury trial seeking the following relief:

1. A preliminary and permanent injunction against Defendants from copying, displaying, distributing, advertising, promoting, and/or selling the infringing publications identified herein, and requiring Defendants to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photographs and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendants;

2. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendants' profits attributable to infringement, and damages suffered as a result of the lack of credit and attribution;

3. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

4. Any other relief authorized by law, including punitive and/or exemplary damages; and

5. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated: March 30, 2018
      New York, New York.

Respectfully submitted,

THE MCCULLOCH LAW FIRM, PLLC

By: _/s/ Kevin McCulloch_

Kevin P. McCulloch
Nate A. Kleinman
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
Kevin@McCullochIPLaw.com
Nate@McCullochIPLaw.com

*Attorneys for Plaintiff*